IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 12-096-CG-N |
| LAMAR ALLEN HARRISON, et al., ) ) ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of Auto Owners Insurance Company ("Auto-Owners") for summary judgment (Doc. 55), defendants' responses (Docs. 74, 75) and Auto-Owners' reply (Doc. 76). After review of the pleadings and in light of the fact that none of the defendants have opposed summary judgment, the court finds that Auto-Owner's summary judgment motion is due to be granted.

## FACTS

Auto-Owners filed this action seeking a declaration that there is no coverage available under two insurance policies it issued to Gulf Hauling & Construction, Inc. ("Gulf-Hauling") and Lamar Harrison d/b/a/ Gulf Dairy Farm ("Gulf Farm") with regard to two separate lawsuits. Auto-Owners contends that there is no coverage under either policy due to the type of claims and damages claimed in the lawsuits. Auto-Owners further asserts that coverage does not exist under the Gulf-Hauling policy because an endorsement limited coverage to damages at a specific location – a location different from where the acts complained of in the underlying

lawsuits took place. Additionally, Auto-Owners contends that there is no coverage under the Gulf-Hauling policy because the damages took place after the named insured cancelled its policy.

Auto-Owners filed its motion for summary judgment on December 12, 2012. Any party opposing the motions was ordered to file a response in opposition on or before January 2, 2013. (Doc. 62). The court later granted an extension until January 16, 2013 for defendants to file responses. (Doc. 66). On January 16, 2013, defendants Lamar Allen Harrison, Gulf-Farms LLC, Gulf-Hauling, Laird Cole, Henry Lee Cole and Foundation Farms, LLC filed responses stating that "these defendants will not be filing a brief in opposition, and will not be submitting evidentiary material in opposition" to the motion. (Docs. 74, 75). To date, no opposition has been filed by defendants: Crowley Cattle Company, Inc., Jeff Browne, Billy Frye, Jeff Frye, Tracy Frye, or Delores Frye.

## ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Once the movant satisfies his initial burden under Rule 56(c), the non-moving

party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Discussion**

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)).  Moreover, " [t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to

formulate arguments; grounds alleged in the complaint [or answer] but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

There being no opposition to Auto-Owners' motion, the court, after review of the pleadings, finds the motion is due to be granted.

## CONCLUSION

For the reasons stated above, the motions of Auto Owners Insurance Company for summary judgment (Doc. 55), is **GRANTED** and declaratory judgment will be entered by separate order.

**DONE and ORDERED** this 21st day of March, 2013.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE